Lawrence v. Evans

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
               <u>Circuit Judges</u>,

        JANE A. RESTANI,*
               <u>Judge</u>.

_____

REGINALD LAWRENCE,

        <u>Plaintiff-Appellant</u>,

        v.                             15-3286

JAMES T. EVANS, MD, JADON RAO, MD, CARL J. KOENIGSMANN CHIEF, MD,

        <u>Defendants-Appellees</u>.

_____

_____

    * The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

**FOR PLAINTIFF-APPELLANT:** Reginald Lawrence, pro se, Auburn, NY.

**FOR DEFENDANTS-APPELLEES:** Robert M. Goldfarb, Assistant Solicitor General of Counsel, Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Reginald Lawrence, pro se, appeals from the district court's grant of summary judgment dismissing his Eighth Amendment claims of medical indifference brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment de novo. Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178-79 (2d Cir. 2013). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). We resolve all ambiguities and draw all inferences in favor of the non-movant. Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999).

To "establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and brackets omitted). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." Id. at 703. Deliberate

2

indifference has objective and subjective components: "First, the alleged deprivation must be, in objective terms, sufficiently serious.  Second, the defendant must act with a sufficiently culpable state of mind."  Id. at 702 (internal quotation marks and citation omitted).  To satisfy the subjective component, a plaintiff must establish the equivalent of criminal recklessness, i.e., "that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result."  Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).  "[T]he fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation" as long as "the treatment given [was] adequate."  Chance, 143 F.3d at 703.

Lawrence failed to show a genuine dispute of material fact as to whether either of the defendant physicians had the requisite culpable state of mind to establish an Eighth Amendment violation.  The summary judgment evidence shows that Lawrence received medicine, various forms of treatment, and diagnostic tests for his back pain throughout the relevant period of his incarceration.  Lawrence may have preferred different medical treatment; but the treatment he received was adequate.  Under these circumstances, Lawrence cannot establish an Eighth Amendment violation.  Because there is no underlying constitutional violation, Lawrence's supervisory liability claim also fails.  See Raspardo v. Carlone, 770 F.3d 97, 129 (2d Cir. 2014).

We have considered Lawrence's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk

3